UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 15, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Beth Ann O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-1877-BAH

Dear Counsel:

On July 27, 2021, Plaintiff Beth Ann O. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 12, 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **BACKGROUND**

Plaintiff filed a Title II application for a period of disability and Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on July 31, 2017,[1] alleging a disability onset of March 1, 2015. Tr. 218–24, 225–34. Plaintiff's claims were denied initially and on reconsideration. Tr. 142–47, 148–51. On November 5, 2020, an Administrative Law Judge ("ALJ") held a hearing.[2] Tr. 57–91. At the hearing, Plaintiff's representative amended Plaintiff's alleged disability onset date to March 26, 2015, as that is the date Plaintiff sustained a work injury.[3] Tr. 64. On December 31, 2020, the ALJ determined that

---

[1] Though the filing date on the application cited use July 31, 2017, the rest of the record consistently lists Plaintiff's filing date as June 7, 2017. *See* Tr. 16, 92, 94; *see also* Pl.'s Br. 1, ECF 12-1.

[2] This was Plaintiff's second hearing before an ALJ. The first hearing was held on September 19, 2019, before a different ALJ who, after realizing Plaintiff was unrepresented, explained the importance of seeking representation and afforded Plaintiff another opportunity to appear before an ALJ with a representative. Tr. 39–56.

[3] Plaintiff's counsel also suggested that another potential onset date is sometime in April 2017, when Plaintiff briefly attempted to work as a paint cementer, but that "the problems that she's discussed can be dated back to March of 2015." Tr. 89.

*Beth Ann O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1877-BAH
August 15, 2022
Page 2

Plaintiff was not disabled within the meaning of the Social Security Act[4] during the relevant time frame. Tr. 12–38. On May 28, 2021, the Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that despite establishing disability on March 26, 2015, Plaintiff did not meet the insured status requirement for her DIB claim until July 1, 2015. Tr. 20. The ALJ notes that the remainder of their decision addresses the period of disability from July 1, 2015, the date first insured. Tr. 20. Then, the ALJ determined that Plaintiff met the insured status requirements through September 30, 2017. Tr. 20. Next, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 26, 2015, the date [Plaintiff] became disabled." Tr. 20.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments from March 26, 2015 through June 4, 2019, the period during which Plaintiff was under disability: degenerative disc disease and irritable bowel syndrome. Tr. 20. However, the ALJ also determined that Plaintiff suffered from the following non-severe impairments because "they cause no more than minimal vocationally relevant limitations": "gastritis/gastroenteritis, left knee pain, bronchitis, hypertension, neck strain, chest contusion, chest pain, headaches, dental abscess, and anxiety and depression[.]" Tr. 21.

At step three, the ALJ determined that Plaintiff's impairment met the criteria listed in Section 1.04A from April 16, 2018, through June[5] 4, 2019. Tr. 25. However, the ALJ found that beginning on June 5, 2019, the record indicates that Plaintiff's impairments no longer "met or medically equaled Section 1.04" due to Plaintiff's medical improvement. Tr. 25. Further, the ALJ determined that Plaintiff had "not developed any new impairment or impairments since June 5, 2019, the date [Plaintiff's] disability ended. Thus, [Plaintiff's] current severe impairments are the same as that present from March 26, 2015 through June 4, 2019." Tr. 25.

Despite these impairments, the ALJ determined that beginning June 5, 2019, Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can only occasionally lift and/or carry 10 pounds. She can only frequently lift and/or carry up to 10 pounds. She must be allowed to use a an [sic] assistive

---

[4] 42 U.S.C. §§ 301 et seq.

[5] The ALJ wrote that Plaintiff met section 1.04A "from April 16, 2018 through August [sic] 4, 2019." Tr. 25. The Court assumes "August" is a mistake, as the record indicates that **June** 4, 2019, is the last date on which the ALJ found Plaintiff met section 1.04A. Similarly, the Court assumes that the statement that "[t]he record shows that as of June 5, 2020 [sic] the claimant no longer met listing 104A," Tr. 26, also contains a mistake, as the record shows that June 5, **2019**, is the date that the ALJ no longer found Plaintiff met section 1.04A.

*Beth Ann O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1877-BAH
August 15, 2022
Page 3

> device (such as a cane) to travel to and from the workstation. She can only occasionally use ramps and stairs. She is never to be required to use ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She is never to be exposed to unprotected heights or moving mechanical parts. She can only occasionally be exposed to extreme cold. She can only operate foot controls occasionally with the bilateral lower extremities. Finally, she may be off task 8% of the time in a normal workday.

Tr. 26. At step four, the ALJ referenced the testimony of the vocational expert ("VE") and determined that Plaintiff was not able to perform past relevant work as a flagger, a security guard, and a waitress." Tr. 29. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and concluded that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Tr. 30. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 31.

## II. LEGAL STANDARD

The scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## III. ANALYSIS

Plaintiff raises one main argument on appeal: that the ALJ's RFC determination is unsupported by substantial evidence. Pl.'s Br. 9–15, ECF 12-1. More specifically, Plaintiff contends that the ALJ failed to provide a narrative basis as to how he calculated the specific limitation that Plaintiff "may be off task 8% of the time in a normal workday," frustrating judicial review. *Id.* at 15 (citing Tr. 26). Plaintiff cites a plethora of relevant prior decisions issued by this Court. *Id.* at 12 (citing *Kane v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-17-1252, 2018 WL 2739961 (D. Md. May 14, 2018); *id.* at 13 (citing *Fisher v. Comm'r, Soc. Sec. Admin.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. Jul. 9, 2018); *Brian L. v. Comm'r, Soc. Sec. Admin.*, Civil No. DLB-19-197, 2020 WL 1814205 (D. Md. Apr. 9, 2020); *Bibey v. Saul*, Civil No. 1:19-cv-02690-JMC, 2020 WL 7694552 (D. Md. Dec. 23, 2020); *id.* at 14 (citing *Keith L. v. Saul*, Civil No. DLB-20-930 (D. Md. Apr. 30, 2021); *Jeffrey B. v. Saul*, Civil No. GLS-20-1090, 2021 WL 797920 (D. Md. Mar. 2, 2021); *id.* at 15 (citing *Michael K. v. Comm'r, Soc. Sec. Admin.*, Civil No. 18-cv-01038-JMC, 2019 WL 1501582 (D. Md. Mar. 7, 2019)).

*Beth Ann O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1877-BAH
August 15, 2022
Page 4

Defendant counters that not only is the ALJ's RFC determination is supported by substantial evidence, the ALJ is not required to articulate "a precise mathematical formula translating the evidence into a specific percentage of time off task." Def.'s Br. 7, ECF 15-1. Defendant cites to non-binding authority outside of Fourth Circuit to support the proposition that "there is no specific formula translating the record evidence into a particular percentage deficit." *Id.* (quoting *Reed v. Astrue*, No. 10 C 0001, 2011 WL 3895302, at *3 (N.D. Ill. Aug. 31, 2011); *id.* (citing *Wennersten v. Colvin*, No. 12-CV-783-BBC, 2013 WL 4821473, at *3 (W.D. Wis. Sept. 10, 2013) (citation omitted)). Defendant ignores that the Fourth Circuit, and this Court specifically, have regularly held that an ALJ's failure to explain *how* they determined that a claimant would be off task for a specific percentage of the workday precludes meaningful judicial review. Such is the case here and remand is warranted.

As Plaintiff recognized, this Court has consistently held that, without a sufficient explanation as to why or how the evidence an ALJ finds persuasive translates into a determination that a plaintiff could stay on task for a specific percentage of an eight-hour workday, this Court is unable to meaningfully review the ALJ's decision. In *Brian L.*, the ALJ inexplicably determined that the plaintiff could stay on task at least 95% of an eight-hour workday. *Brian L.*, Civil No. DLB-19-197, 2020 WL 1814205, at *3. "An explanation of how that percentage was calculated is significant, since a six percent increase could preclude competitive employment." *Id.* Here, the ALJ found that Plaintiff would be off task for eight percent, which puts Plaintiff even closer to the threshold that an employer would tolerate time off task, making the ALJ's lack of an explanation even more consequential.

Moreover, when questioned why she feels like she could not work, Plaintiff stated, "Well, it seems like I'm in the restroom a lot and I'm in a lot of pain all the time. And I can't do most of the things in my home by myself, so I don't know how I'm supposed to do something for someone else when I can barely anymore take care of my own self." Tr. 71. Nowhere in the ALJ's lengthy RFC analysis does he address how Plaintiff's testimony, which contradicts the ALJ's finding that she is able to work despite frequent restroom breaks and presumably frequent breaks to deal with her pain, is ameliorated by the finding that Plaintiff will be off task for eight percent of the workday. *See* Tr. 26–29. Further, Plaintiff testified, "normally, the medicine knocks me out, so that I feel like I'm asleep a lot, because the medicine does make me sleep." Tr. 74. The ALJ failed to explain how Plaintiff will be able to maintain a rate of being on task for 92% of an eight-hour workday. Therefore, as this Court has previously held, the ALJ's failure to explain why or how they reached a particular percentage of time off task warrants remand. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### IV.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

*Beth Ann O. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1877-BAH
August 15, 2022
Page 5

    Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                            Sincerely,

                            /s/

                            Brendan A. Hurson
                            United States Magistrate Judge